UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Miller,**<br><br>v.<br><br>**Catlett et al.,**                       Plaintiff,<br><br><br><br>Defendants. | CASE NO. 08cv2428 DMS (PCL)<br><br>**REPORT AND RECOMMENDATION GRANTING DEFENDANTS' MOTION TO DISMISS** |

Plaintiff Curtis E. Miller ("Plaintiff"), a prisoner proceeding *pro se* and *in forma pauperis*, filed a Complaint against Defendants T. Catlett and A. Amat, both correctional officers, under Title 42, United States Code § 1983 for violations of his First Amendment rights and rights under state law. (Doc. 1.) Defendants filed a motion to dismiss the Complaint on exhaustion grounds and for failure to state a claim under federal and state law. (Doc. 12-1, at 1.) Upon reviewing the Complaint, Defendants' motion, and Plaintiff's opposition, the Court recommends that Defendants' motion be GRANTED.

BACKGROUND

Plaintiff's narrative begins on the morning of May 30, 2007 after a black prisoner assaulted Defendant A. Amat, a correctional officer, in housing unit B4 at Calipatria State Prison resulting in facility B being placed on lockdown. (Doc. 1, at 4.) Plaintiff states that on July 3, 2007, the warden issued a program status report that allegedly restored some privileges to black prisoners, including Plaintiff, in facility B but that the black prisoners allegedly were not accorded those privileges in reality.

cc: The Honorable Sabraw
   All parties

(Id.)  Plaintiff alleges that correctional officers attempted to provoke black prisoners into altercations in an effort "to have restrictions placed back on black prisoners." (Id. at 4-5.)  Plaintiff states that he filed a group administrative appeal alleging that the warden "and/or his subordinates were retaliating against black prisoners in B4 for the assault on Defendant Amat." (Id. at 5.)

Plaintiff then alleges that Defendant Amat approached Plaintiff's cell on September 11, 2007 with a wrapped object that Defendant Amat accused Plaintiff and his cell mate of having.  (Id.)  Plaintiff states that Defendant Amat returned to Plaintiff's cell with Defendant T. Catlett, who ordered that Plaintiff and his cell mate be placed in restraints and removed from their cell and placed in administrative segregation.  (Id.)  Plaintiff states that Defendants Catlett and Amat both filed crime incident reports: Defendant Amat reported that he found a wrapped object that turned out to be a weapon in front of Plaintiff's cell, while Defendant Catlett reported that he found the weapon mixed with laundry in Plaintiff's cell.  (Id.)  Plaintiff claims that both reports were falsified.  (Id.)  Plaintiff also claims that both Defendants Catlett and Amat falsely endorsed a rule violation report containing a statement that the weapon was found in laundry that came out of Plaintiff's cell.  (Id. at 5-6.)  Having received the report on September 23, 2007, Plaintiff states that he was found not guilty of the offense by the disciplinary hearing officer on November 20, 2007 and that he was released from administrative segregation on November 27, 2007.  (Id. at 6.)  Plaintiff also states that the district attorney declined to prosecute this matter.  (Id.)

Under these set of facts, Plaintiff claims in Count 1 that Defendants Catlett and Amat retaliated against him for exercising his right to file grievances at Calipatria State Prison.  (Id. at 4.)  Plaintiff also claims in Count 2 and 3 that Defendants Catlett and Amat knowingly and willfully filed false reports against him and willfully oppressed him in violation of state law.  (Id. at 6-7.)  Plaintiff claims that these falsified reports were filed in an effort to subject Plaintiff to disciplinary action and criminal prosecution.  (Id.)  Plaintiff claims that he suffered severe mental stress and depression, loss of sleep, loss of appetite, and loss of enjoyment of life for being placed in administrative segregation and for being subjected to both disciplinary action and criminal prosecution as a consequence of the acts and omissions of the Defendants.  (Id. at 8.)

1    Defendants moved to dismiss the First Amendment retaliation claims on the following grounds: 1) Plaintiff failed to exhaust his administrative remedies against the Defendants as required by the Prison Litigation Reform Act; and 2) Plaintiff's complaint failed to state facts sufficient to support a cognizable retaliation claim against either Defendant. (Doc. 12-1, at 1.) Plaintiff filed a response arguing that his Complaint states sufficient facts to constitute a cognizable retaliation claim. (Doc. 16-2, at 2.) With regard to the exhaustion issue, Plaintiff stated that he filed a "employee misconduct complaint" on December 3, 2007 under California Code of Regulations, Title 15, section 3391 that the prison administration refused to investigate. (Doc. 16-3, at 3.) Plaintiff argued that the retaliatory acts of prison officials including the Defendants prevented him from exhausting his administrative remedies and rendered such remedies unavailable. (Doc. 16-2, at 2.) However, Defendants argued that prison officials did not refuse arbitrarily to process Plaintiff's grievances; rather, according to a declaration provided by Counselor Ormand, acting appeals coordinator at Calipatria, Plaintiff's appeals were screened out because they did not include proper documentation and Plaintiff chose not to follow proper procedures laid out in several screen-out letters detailing what constitutes a proper appeal. (Doc. 12-5, at 2-4.) Counselor Ormand declared that he received Plaintiff's first appeal related to the disputed rules violation report on December 5, 2007 and his second attempted appeal on January 8, 2008. (Id. at 2 (Decl. of M. Ormand).) According to Ormand, both times Plaintiff failed to attach the completed rules violation report as required or to inform the appeals coordinator that he had been found not guilty of said rules violation report. (Id. at 2-4.) As confirmed by appeals coordinator Bell, both of Plaintiff's appeals also were untimely in that they were not submitted within 15 working days of the event or decision being appealed, which was September 23, 2007. (Doc. 12-2, at 5 (Decl. of D. Bell).) Moreover, Defendants submitted the declaration of N. Grannis, who stated that Plaintiff had properly submitted five administrative appeals on different matters to the third level of review after July 14, 2007. (Doc. 12-4, at 3-4 (Decl. of N. Grannis).)

Defendants also moved to dismiss Plaintiff's state law claims on the following grounds: 1) the Court should decline to exercise supplemental jurisdiction in a case where the claims over which it has original jurisdiction are dismissed; 2) Plaintiff failed to exhaust state law remedies; and 3) Plaintiff failed to state a cause of action under state law because Defendants are immune under California law.

(Doc. 12-1, at 17-18.)  Plaintiff responded by stating that Defendants are not immune from liability under California law.  (Doc. 16-2, at 2.)

STANDARD OF REVIEW

F.R.C.P. 12(b) expressly enumerates a list of six defenses that can be asserted in a motion to dismiss, including for "failure to state a claim upon which relief can be granted."  F.R.C.P. 12(b)(6). Under 12(b)(6), a complaint may be dismissed for failure to state a cognizable legal theory or for failure to state sufficient facts under a cognizable legal theory.  See Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  Litigants may also base a 12(b) motion to dismiss on the nonenumerated defense of failure to exhaust nonjudicial remedies.  Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003).[1]

The evidentiary standard employed in deciding a motion to dismiss may be different depending on the specific type of defense asserted.  For example, matters outside the pleadings are not to be considered in any type of F.R.C.P. 12(b)(6) motion.  See Swedberg v. Marotzke, 339 F.3d 1139, 1146 (9th Cir. 2003).  "In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."  Schneider v. California Dept. of Corrections, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  On the other hand, the court may look beyond the pleadings and resolve disputed issues of fact on a nonenumerated 12(b) motion to dismiss for failure to exhaust administrative remedies, with the defendant bearing the burden of proof.  Wyatt, 315 F.3d at 1119-20; see Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (permitting the consideration of affidavits submitted by the parties on a motion to dismiss for failure to exhaust nonjudicial remedies).

DISCUSSION

**A. Defendants Have Demonstrated that Plaintiff Failed to Exhaust His Administrative Remedies**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  "Once within the discretion of the district court, exhaustion in cases covered by §

---

[1] If the court finds that the prisoner has failed to exhaust nonjudicial remedies, "the proper remedy is dismissal of the claim without prejudice."  Wyatt, 315 F.3d at 1119.

1997e(a) is . . . mandatory." <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002). Section 1997e(a) has been construed broadly to "afford[ ] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." <u>Id.</u> at 525. Under the PLRA, "a defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process." <u>Brown v. Valoff</u>, 422 F.3d 926, 936-37 (9th Cir. 2005). A prisoner need not press on to exhaust further levels of review once he has either received all "available" remedies at an intermediate level of review or been reliably informed by an administrator that no remedies are available. <u>Id.</u> Relevant evidence demonstrating that pertinent relief remained available include "statutes, regulations, and other official directives that explain the scope of the administrative review process [as well as] documentary or testimonial evidence from prison officials who administer the review process." <u>Id.</u> at 937. However, administrative remedies may be unavailable if prison officials make serious threats of substantial retaliation against the prisoner for filing a grievance such as by tearing up a formal grievance or threatening transfer to another prison far away from prisoner's family if the prisoner continued to pursue the grievance. <u>See</u> <u>Turner v. Burnside</u>, 541 F.3d 1077, 1084-85 (11th Cir. 2008). Finally, it is the burden of the defendant asserting an affirmative defense of failure to exhaust all available administrative remedies to plead and prove it. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003).

 The State of California provides its prisoners and parolees the right to administratively appeal "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs., tit. 15 § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels: "(1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections." <u>Barry v. Ratelle</u>, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). The third or "Director's Level" of review "shall be final and exhausts all administrative remedies available in the Department [of Corrections]." <u>Irvin v. Zamora</u>, 161 F. Supp. 2d 1125, 1129 (S.D. Cal. 2001) (quoting Cal. Dep't of Corrections Operations Manual, § 54100.11, "Levels of Review"). Moreover, an appeal may be rejected at any level

of review when it is "incomplete or necessary supporting documents are not attached" to it. Cal. Code Regs., tit. 15, § 3084.3(c)(5).

Here, Defendants demonstrated that Plaintiff failed to exhaust his administrative remedies for his Section 1983 claims. According to a declaration of the acting appeals coordinator provided by the defense, Plaintiff filed two appeals with the Calipatria State Prison. (Decl. of Ormand.) Not only were Plaintiff's appeals untimely in that they were not submitted within 15 working days of the event or decision being appealed, Plaintiff also failed to submit the proper documentation within 15 days of being notified of deficiencies in several screen-out letters. (Decls. of Bell and Ormand.) In his opposition to the instant motion, Plaintiff claimed that Defendants "knowingly and willfully falsely accused him of possessing a weapon in retaliation for . . . filing the group employee misconduct complaint." (Doc. 16-2, at 6.) Plaintiff justified the late filing of the administrative appeals on the basis of this perceived threat. (Id.) However, once Plaintiff attempted to exhaust his administrative remedies when he no longer felt threatened by Defendants, Plaintiff still failed to attach the completed rules violation report or to inform the appeals coordinator that he had been found not guilty of said rules violation report as required by the California regulations. (Id. at 2-4.) Although Plaintiff claimed that administrative remedies were unavailable due to threats made by Defendants, Plaintiff nevertheless failed to provide evidence that the prison administrators or Defendants in particular obstructed Plaintiff's ability to exhaust his administrative remedies including at the time when he no longer felt threatened by them. On this basis, Defendants met their burden in showing that Plaintiff failed to exhaust his administrative remedies. The Court therefore recommends dismissal of his federal claims without prejudice.

**B. Plaintiff Has Failed to State First Amendment Retaliation Claims against Both Defendants**

Defendants argue that Plaintiff failed to allege sufficient facts in his Complaint to state First Amendment retaliation claims against them. (Doc. 12-1, at 15.)

A prison official who acts against an inmate in retaliation for using the prison grievance process or pursuing civil rights litigation may be in violation of the First Amendment. Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); Lucero v. Hensley, 920 F. Supp. 1067, 1076 (C.D. Cal. 1996). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An

assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such conduct (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes, 408 F.3d at 567-68. Adverse actions that are sufficient to ground a First Amendment retaliation claim include confiscating and destroying personal property, id. at 568; repeatedly threatening "transfer because of [the prisoner's] complaints about the administration of the [prison] library," Gomez v. Vernon, 255 F.3d 1118, 1127 (9th Cir. 2001); imposing a ten-day period of confinement and loss of television because of a correctional officer's false allegation that the prisoner breached prison regulations, Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997); and calling a prisoner a "snitch" in front of other prisoners for filing grievances against prison officials in order to subject prisoner to life-threatening retaliation by other inmates, Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). At the pleading stage, a plaintiff need not "demonstrate a total chilling of his First Amendment rights to file grievances and to pursue civil rights litigation in order to perfect a retaliation claim." Rhodes, 408 F.3d at 568. In other words, the fact that an inmate has been able to pursue his cause of action in federal court does not mean that his First Amendment rights were not chilled. Id. at 569.

Here, Plaintiff has not alleged sufficient facts in his Complaint to meet all five elements comprising a viable retaliation claim. Plaintiff claims that Defendants Catlett and Amat retaliated against him for exercising his right to file grievances at Calipatria State Prison. While these allegations contain some of the required elements of a retaliation claim, no where in his Complaint does Plaintiff allege that his First Amendment rights were chilled as a result of the actions of both Defendants. In his reply to Defendants' motion to dismiss, Plaintiff has asserted that the retaliatory acts of prison officials including the Defendants prevented him from exhausting his administrative remedies and exercising his First Amendment rights; however, these particular allegations do not appear in Plaintiff's Complaint where they would need to be to be operative. Thus, as Defendants have demonstrated that Plaintiff failed to state sufficient facts in his Complaint establishing First Amendment claims against both Defendants, the Court recommends dismissing these claims.

**C. Supplemental Jurisdiction Should Not Be Exercised Over Plaintiff's State Law Claims**

1   Plaintiff's remaining claims are pendent state law causes of action.  The Court may decline to
2   exercise supplemental jurisdiction over claims brought under state law if the court has already dismissed
3   all claims which it has original jurisdiction.  <u>Carnegie-Mellon University v. Cohill</u>, 484 U.S. 343, 350
4   (1988); <u>see also</u> <u>United Mine Workers of America v. Gibbs</u>, 383 U.S. 715, 726 (1966) ("if the federal
5   claims are dismissed before trial . . . the state claims should be dismissed as well").  As the Court
6   recommends dismissal of Plaintiff's federal claims under Rule 12(b) and 12(b)(6), the Court should
7   decline to exercise jurisdiction over the state law causes of action.

## CONCLUSION

For the reasons set forth above, the Court recommends that Plaintiff's Complaint be dismissed without prejudice.

This Report and Recommendation is submitted to United States District Judge Sabraw, pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c) of the United States District Court for the Southern District of California.  Any written objections to this Report and Recommendation must be filed with the Court and a copy served on all parties on or before November 30, 2009.  The document should be captioned "Objections to Report and Recommendation."  Any reply to the objections shall be served and filed on or before December 14, 2009.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of this Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156 (9th Cir. 1991).

IT IS SO ORDERED.

DATE: November 10, 2009

Peter C. Lewis
U.S. Magistrate Judge
United States District Court

cc:  The Honorable Sabraw
     All parties