# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS E. MILLER,<br><br>                Plaintiff,<br><br>   vs.<br><br><br>T. CATLETT; A. AMAT,<br><br>                Defendants. | CASE NO. 08cv2428 DMS (PCL)<br><br>**ORDER (1) ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION AND (2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>[Docket Nos. 12, 22] |

This matter comes before the Court on Defendants' motion to dismiss the Complaint. Plaintiff filed an opposition to the motion, and Defendants filed a reply. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Civil Local Rule 72.3, the motion was referred to a United States Magistrate Judge for a Report and Recommendation ("Report"). On November 10, 2009, Magistrate Judge Peter C. Lewis issued his Report, recommending that the Court grant Defendants' motion, and dismiss the case without prejudice. Plaintiff filed objections to the Report. For the reasons set out below, the Court adopts in part and denies in part the Report, and grants in part and denies in part Defendants' motion.

## I.
## STANDARD OF REVIEW

This district court's role in reviewing a magistrate judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1). Under this statute, the district court "shall make a *de novo*

1  determination of those portions of the report . . . to which objection is made," and "may accept, reject,
2  or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.
3  § 636(b)(1). When no objections are filed, the court may assume the correctness of the magistrate
4  judge's findings of fact and decide the motion on the applicable law. *Campbell v. United States Dist.*
5  *Court*, 501 F.2d 196, 201 (9th Cir. 1974); *Johnson v. Nelson*, 142 F.Supp.2d 1215, 1217 (S.D. Cal.
6  2001). Under such circumstances, the Ninth Circuit has held that "a failure to file objections only
7  relieves the trial court of its burden to give *de novo* review to factual findings; conclusions of law must
8  still be reviewed *de novo*." *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989), *overruled on other*
9  *grounds by Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996), (citing *Britt v. Simi*
10 *Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983)).

## II.

## FACTUAL BACKGROUND

13      Plaintiff is a state prisoner currently housed in Calipatria State Prison. (Compl. at 1.) He
14  alleges that on May 30, 2007, black prisoners in his housing unit assaulted Defendant Amat. (*Id.* at
15  3.) As a result, Plaintiff's housing unit was placed on lock down. (*Id.*)

16      On July 3, 2007, the Warden at Calipatria issued a program status report restoring some
17  privileges to black prisoners in Plaintiff's housing unit, including Plaintiff, but most of the privileges
18  were not accorded to the black prisoners. (*Id.*) After the July 3, 2007 announcement from the
19  Warden, Plaintiff noticed that correctional officers in his housing unit were attempting to provoke
20  black prisoners into altercations in an effort to have the restrictions reinstituted. (*Id.* at 3-3a.)

21      On July 14, 2007, Plaintiff filed a group employee misconduct complaint alleging that the
22  Warden and/or his subordinates were retaliating against black prisoners for the assault on Defendant
23  Amat. (*Id.* at 3a.)

24      On September 11, 2007, Defendant Amat approached Plaintiff's cell with a wrapped object
25  he found in the dayroom, and asked Plaintiff's cellmate if the object would stick Amat. Plaintiff's
26  cellmate said he did not know. Amat replied that the object came out of Plaintiff's cell, and walked
27  away. (*Id.*) Defendant Amat then returned to Plaintiff's cell with Defendant Catlett, who ordered
28  Plaintiff and his cellmate to exit their cell. (*Id.*) Plaintiff and his cellmate were then placed in

1 Administrative Segregation ("AdSeg"). That same day, a Crime/Incident Report was filed against
2 Plaintiff and his cellmate alleging possession of an inmate-manufactured weapon. In that Report,
3 Defendant Amat stated he found the weapon while collecting laundry in front of Plaintiff's cell.

4 The following day, Defendants Amat and Catlett filed a Rules Violation Report ("115")
5 concerning the weapon in which Defendant Amat restated that he found the weapon in laundry that
6 came out of Plaintiff's cell. (*Id.* at 3a-3b.)

7 On November 20, 2007, Plaintiff was found not guilty of the rule violation by the disciplinary
8 hearing officer. (*Id.* at 3b.) He was released from AdSeg on November 27, 2007. (*Id.*) On April 10,
9 2008, the district attorney declined to prosecute the matter. (*Id.*)

10 Plaintiff filed the present Complaint on December 30, 2008. He alleges a claim for retaliation
11 and for knowingly and willfully filing a false report.

## III.

## DISCUSSION

14 Defendants raise three arguments in support of their motion to dismiss Plaintiff's Complaint.
15 First, they assert Plaintiff has failed to exhaust his administrative remedies. Second, Defendants
16 contend Plaintiff has failed to state a cognizable retaliation claim. Finally, Defendants assert they are
17 entitled to statutory immunity from Plaintiff's state law claims.

18 **A.     Exhaustion**

19 The Magistrate Judge found Defendants had met their burden of proving that Plaintiff failed
20 to exhaust his administrative remedies, and therefore recommended that Plaintiff's Complaint be
21 dismissed without prejudice. Plaintiff objects to this finding.

22 The Prison Litigation Reform Act ("PLRA") amended 42 U.S.C. § 1997e(a) to provide that
23 "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner
24 confined in any jail, prison or other correctional facility until such administrative remedies as are
25 available are exhausted." 42 U.S.C. § 1997e(a). "Once within the discretion of the district court,
26 exhaustion in cases covered by § 1997e(a) is now mandatory." *Porter v. Nussle*, 534 U.S. 516, 532
27 (2002). Section 1997e(a) has been construed broadly to "afford[ ] corrections officials time and
28 opportunity to address complaints internally before allowing the initiation of a federal case," *id.* at

1  525, and to encompass inmate suits about both general circumstances and particular episodes of prison
2  life. *Id.* at 532.

3      The State of California provides its prisoners the right to administratively appeal "any
4  departmental decision, action, condition or policy perceived by those individuals as adversely
5  affecting their welfare." Cal. Code Regs., tit. 15 § 3084.1(a). In order to exhaust available
6  administrative remedies within this system, a prisoner must proceed through several levels: (1)
7  informal resolution, (2) first formal written appeal on a California Department of Corrections ("CDC")
8  602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level
9  appeal to the Director of the CDC. Cal. Code Regs. tit. 15 § 3084.5; *Vaden v. Summerhill*, 449 F.3d
10  1047, 1049 (9th Cir. 2006). The "Director's Level" of review "shall be final and exhausts all
11  administrative remedies available in the Department [of Corrections.]" *See* Cal. Dep't of Corrections
12  Operations Manual, § 54100.11, "Levels of Review;" *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D.
13  Cal. 1997); *Irvin v. Zamora*, 161 F. Supp. 2d 1125, 1129 (S.D. Cal. 2001).

14      It is well established that the failure to exhaust administrative remedies is an affirmative
15  defense under the PLRA which the defendants must plead and prove. *See Jones v. Bock*, 549 U.S. 199
16  (2007). Here, Defendants assert they have met that burden through the declarations of M. Ormond,
17  former Acting Appeals Coordinator at Calipatria, D. Bell, Appeals Coordinator at Calipatria, and N.
18  Grannis, Chief of the Inmate Appeals Branch.

19      Ormond reviewed Plaintiff's 602 forms at the first level of review. (Decl. of M. Ormond in
20  Supp. of Mot. ("Ormond Decl.") at ¶¶ 4-6.) Ormond screened out Plaintiff's first 602 on the ground
21  that Plaintiff failed to include a copy of the incident report. (*Id.* at ¶ 4, Ormond Decl., Ex. A-011.)
22  However, the record reflects the incident report was attached to Plaintiff's 602. (*See* Ormond Decl.,
23  Ex. A-005-010.) Ormond then states that Plaintiff resubmitted his 602 with additional documentation.
24  (Ormond Decl. at ¶ 4.) Ormond states Plaintiff "was clearly attempting to submit the appeal as a staff
25  complaint," (*id.*), therefore Ormond forwarded the 602 to the Chief Deputy Warden pursuant to CDCR
26  Administrative Bulletin 05-03 to "to determine if it would be accepted and processed as a staff
27  complaint[.]" (*Id.*) Chief Deputy Warden Ochoa "determined the appeal did not meet the criteria for
28  a staff complaint, but instead constituted an appeal of a disciplinary action." (*Id.*)

Ormond informed Plaintiff of Ochoa's determination, (Ormond Decl., Ex. A-012), but no one informed Plaintiff of the necessary criteria or otherwise explained how he should go about filing a staff complaint. Based on the Court's review of the relevant authority, it appears prisoners need only submit a 602 accompanied by the statement set out in 15 C.C.R. § 3391(d),[1] which Plaintiff did. (*See* Ormond Decl., Ex. A-001-004.) Absent identification of any other criteria, and evidence that Plaintiff did not comply therewith, Defendants have failed to show that Plaintiff failed to exhaust his administrative remedies. *See Goebert v. Lee County*, 510 F.3d 1312, 1322-23 (11th Cir. 2007) ("That which is unknown and unknowable is unavailable; it is not 'capable of use for the accomplishment of a purpose.'") (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001)); *Arnold v. Goetz*, 245 F.Supp.2d 527, 537 (S.D.N.Y. 2003) ("Under certain circumstances, a correctional institution's failure to provide an inmate with sufficient information about the available grievance procedures may excuse his failure to exhaust administrative remedies.")

Defendants' argument that Plaintiff's 602 was untimely also fails to demonstrate a lack of exhaustion. In his objection to the Magistrate Judge's Report, Plaintiff states he did not file his original 602 until after he was found not guilty of the rules violation and released from AdSeg because he feared retaliation from Defendant Amat. (Objection at 2.) Under these circumstances, there were no remedies available to Plaintiff that he failed to exhaust. *See Turner v. Burnside*, 541 F.3d 1077, 1084 (11th Cir. 2008) (joining Seventh and Second Circuits in holding "that it is possible for retaliation or the threat of retaliation to make administrative remedies unavailable to an inmate.")

In light of the above, the Court declines to adopt the Magistrate Judge's recommendation that Plaintiff's Complaint be dismissed without prejudice for failure to exhaust.

///

---

[1] Title 15 California Code of Regulations § 3391(d) states: "Citizens filing complaints alleging misconduct of a departmental peace officer employed by this department are required to read and sign the following statement: You have the right to make a complaint against a police officer [this includes a departmental police officer] for any improper police [or peace] officer conduct. California law requires this agency to have a procedure to investigate citizen's [or inmates'/parolees'] complaints. You have a right to written description of this procedure. This agency may find after an investigation that there is not enough evidence to warrant action on your complaint; even if that is the case, you have the right to make the complaint and have it investigated if you an officer behaved improperly. Citizen [or inmate/parolee] complaints and any reports or findings related to complaints must be retained by this agency for at least five years." 15 C.C.R. § 3391(d).

**B.      Failure to State a Claim**

Next, Defendants assert Plaintiff has failed to state a retaliation claim, and Defendants are entitled to statutory immunity from Plaintiff's state law claims.

      1.      Retaliation Claim

The Magistrate Judge agreed with Defendants on the retaliation claim, and Plaintiff does not object to that finding. However, he requests leave to amend to cure the pleading deficiencies. This Court agrees with the Magistrate Judge's finding that Plaintiff has failed to allege sufficient facts to support the second and fourth elements of his retaliation claim, namely causation and a chilling effect on the exercise of his First Amendment rights. The Court also agrees that Plaintiff should be granted leave to amend to cure these pleading deficiencies. Accordingly, the Court adopts the Magistrate Judge's recommendation to dismiss this claim without prejudice, and sustains Plaintiff's objection that he be allowed to amend this claim.

      2.      State Law Claims

Defendants argue they are entitled to statutory immunity from Plaintiff's state law claims. The Magistrate Judge did not address this argument, but it appears to be correct. *See* California Government Code § 821.6. This statute provides: "A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, even if he acts maliciously and without probable cause." Cal. Govt. Code § 821.6. Therefore, although the Magistrate Judge did not address issue, the Court grants Defendants' motion to dismiss Plaintiff's state law claims, and dismisses those claims with prejudice.

## IV.

## CONCLUSION AND ORDER

In sum, the Court adopts in part and rejects in part the Magistrate Judge's Report. Specifically, the Court adopts the recommendation that Plaintiff's claims be dismissed for failure to state a claim. Plaintiff's retaliation claim is dismissed without prejudice and with leave to amend. Plaintiff's state law claims are dismissed with prejudice and without leave to amend. The Court rejects the Magistrate Judge's recommendation to dismiss the Complaint for failure to exhaust.

///

Consistent with these findings, Defendants' motion to dismiss for lack of exhaustion is denied, and their motion to dismiss for failure to state a claim is granted. Plaintiff is hereby granted forty-five (45) days leave to file and serve upon Defendants a First Amended Complaint that addresses the pleading deficiencies associated with his retaliation claim. Plaintiff's Amended Complaint must be complete in itself without reference to his original Complaint. *See* S. D. Cal. CivLR 15.1. Any Defendant not named and any claim not re-alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**IT IS SO ORDERED.**

DATED: February 1, 2010

HON. DANA M. SABRAW
United States District Judge